IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ARMANDO RAMIREZ, JR.,

    Petitioner,

vs.                                         CIVIL ACTION NO.: CV214-085

SUZANNE R. HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2014). Respondent has filed a Motion to Dismiss (doc. 7), to which Petitioner has filed a Response (doc. 11). For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

In 2001, Petitioner was indicted in the Southern District of Texas on three felony charges: one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (2000) ("Count One"), and two counts of possessing five kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2

(2000) ("Count Two" and "Count Three"). (Doc. 1, p. 2; Doc. 7, Ex. 2, pp. 2–4). Following a jury trial, Petitioner was convicted of Counts One and Three and acquitted of Count Two, and the district court sentenced him to 324 months in prison. (Doc. 1, p. 3); see also United States v. Ramirez, No. 4:01-cr-72-2 (S.D. Tex. Sept. 26, 2001), aff'd, No. 01-21048 (5th Cir. Jan. 31, 2003). The Fifth Circuit Court of Appeals affirmed, over Petitioner's argument that the district court miscalculated his sentence based on the drug quantities of all three counts, including the acquitted Count Two. (Doc. 1, p. 3); see also Ramirez, No. 01-21048.

In 2004, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 (2004) in the Southern District of Texas, based, in part, on the same sentencing argument that the Fifth Circuit had rejected on direct appeal. (Doc. 1, p. 3; Doc. 7, Ex. 3); see also United States v. Ramirez, No. 4:04-cv-250 (S.D. Tex. June 10, 2004), appeal dismissed, No. 04-20671 (5th Cir. Dec. 8, 2004). The district court denied Petitioner's motion based on a lack of standing, preclusion, and a failure on the merits to show that the district court had erred in calculating his sentence. Ramirez, No. 4:04-cv-250, slip op. at 12–14. On appeal, the Fifth Circuit dismissed for failure to prosecute. See Ramirez, No. 04-20671.

Petitioner now requests that this Court vacate his sentence under section 2241, arguing that the recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), renders his sentence unconstitutional. (Doc. 1, pp. 8–9). Recognizing that section 2255 bars filing a second motion attacking his sentence, Petitioner relies on the savings clause of section 2255, which permits bringing such a claim in a petition under section 2241 when the remedy under section 2255 is inadequate. (Id. at p. 7) (citing 28 U.S.C.

AO 72A
(Rev. 8/82)

§ 2255(e), (h)). Petitioner admits that his claim does not appear to meet certain requirements for the savings clause to apply but nevertheless insists that he may assert his claim because his actual innocence on Count Two overrides any procedural defense, such as the failure to meet these requirements. (Id. at pp. 5–7).

As to the merits of his claim, Petitioner argues that his sentence is unconstitutional based on the new rule in Alleyne that any fact, other than a prior conviction, that increases a sentence beyond the statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. (Id. at p. 8) (citing Alleyne, 133 S. Ct. at 2155). Petitioner states that under the Sentencing Guidelines, the drug quantities involved in the counts of which he was convicted, Counts One and Three, result in a base offense level of thirty-six. (Doc. 11, p. 2); see also United States Sentencing Guidelines Manual ch. 5, pt. A (2000) (showing that level thirty-six corresponds to a sentence of 188–235 months in prison). Petitioner explains that the district court raised his base offense level to thirty-nine, and the applicable sentencing range to 262–327 months, based, in part, on a two-level increase for the eighty-five-kilogram quantity of cocaine involved in the acquitted count, Count Two. (Id.). Petitioner concludes that Alleyne suggests that the district court erred in raising Petitioner's sentence above the statutory minimum of 188–235 months based on the facts underlying Count Two—facts that the jury already had found not proven beyond a reasonable doubt in acquitting Petitioner of Count Two. (Id.).

Respondent moves the Court to dismiss the Petition because Petitioner's claim fails to satisfy the requirements of the savings clause of section 2255 and therefore cannot be the subject of a section 2241 petition. (Doc. 7, p. 1). Respondent maintains

3

that Petitioner's claim does not meet two prongs of the savings clause test set forth in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013). (Id. at pp. 3–5). Respondent further contends that any "actual innocence" does not excuse the savings clause requirements. (Id. at pp. 5–7).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a federal prisoner may collaterally attack the validity of his sentence only through a motion under section 2255 in the district of his conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (citing Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005)). A federal prisoner, such as Petitioner, who has filed a section 2255 motion may not file a second or successive section 2255 motion without obtaining permission from the court. See 28 U.S.C. § 2255(h); Bryant, 738 F.3d at 1260. By contrast, a habeas petition under section 2241 generally is available only for challenging the execution of a sentence or the nature of confinement, "not the validity of the sentence itself or the fact of confinement," and is filed in the district of incarceration. Bryant, 738 F.3d at 1288 (emphasis omitted). A federal prisoner, however, may utilize section 2241 to attack the validity of his sentence or conviction if he satisfies the savings clause of section 2255. See 28 U.S.C. § 2255(e).

The savings clause applies only if the remedy under section 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e); Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Whether the savings clause may "open the portal" to a section 2241 petition is a "threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and

4

the applicable defenses." Bryant, 738 F.3d at 1262 (internal quotation marks omitted). The petitioner "bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the [section] 2255 remedy. . . . [and] may not argue the merits of his claim until he has opened the portal to a [section] 2241 proceeding by demonstrating that the savings clause . . . applies to his claim." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

In Bryant, the Eleventh Circuit Court of Appeals stated that a petitioner seeking to show that his prior section 2255 motion was inadequate or ineffective to test the legality of his sentence must establish that (1) "throughout his sentencing, direct appeal, and first [section] 2255 proceeding," the Eleventh Circuit's binding precedent had specifically addressed and had squarely foreclosed the petitioner's current sentencing-error claim; (2) "subsequent to his first [section] 2255 proceeding, the Supreme Court[ ] . . . overturned [that] precedent"; (3) the Supreme Court's new rule "applies retroactively on collateral review"; (4) "as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum"; and (5) the savings clause reaches the petitioner's claim. 738 F.3d at 1274. The savings clause "does not reach a guidelines-error sentencing claim when the prisoner's sentence does not exceed the statutory maximum." Id. at 1264 (citing Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011) (en banc)).

Petitioner's sentencing claim fails to satisfy prong three of Bryant, because the Eleventh Circuit has explicitly stated that the rule in Alleyne does not apply retroactively on collateral review. Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014). Likewise, Petitioner fails under the fourth prong, because his sentence does not

5

AO 72A
(Rev. 8/82)

exceed the statutory maximum. Based on his convictions of violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 in Count One and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 in Count Three, Petitioner received concurrent sentences of 324 years in prison. (Doc. 1, pp. 2–3). The statutes under which Petitioner was convicted set forth maximum sentences of life imprisonment. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (mandating that a person convicted of possession with the intent to distribute a controlled substance "be sentenced to a term of imprisonment which may not be less than 10 years or more than life"); Id. § 846 (stating that conspiracy is "subject to the same penalties as those prescribed for the [underlying] offense"); 18 U.S.C. § 2 (rendering one who aids and abets "punishable as a principal"). Petitioner's 324-year sentences do not exceed his statutory maximums of life imprisonment, regardless of whether the district court erred in calculating his sentence using the drug quantity in Count Two.

Petitioner's claims of actual innocence do not excuse his failure to meet prongs three and four of Bryant. See Bryant, 738 F.3d at 1285 ("[O]ne cannot be actually innocent of a sentencing enhancement."); Gilbert, 640 F.3d at 1320 ("A defendant who is convicted and then has . . . any other guidelines enhancement[ ] applied in the calculation of his sentence has not been convicted of being guilty of the enhancement."); see also Phillips v. Drew, No. 1:14-CV-1059, 2014 WL 2738666, at *2–3 (N.D. Ga. June 17, 2014) (citing Daniels v. Warden, 538 F. App'x 850, 852–53 (11th Cir. 2013)) (stating that a plea of actual innocence does not trump the savings clause requirements).

AO 72A
(Rev. 8/82)

Because Petitioner has failed to establish all of the <u>Bryant</u> prongs, Petitioner has not demonstrated that his prior section 2255 motion was inadequate or ineffective to test the validity of his sentence, as required to come within the scope of the savings clause. Without jurisdiction pursuant to the savings clause, this Court cannot address the merits of the Petitioner's sentencing claim under section 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that the instant Petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)